**HARPER AND ARTERBURN CO., INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 81–1289.

United States Court of Appeals, Sixth Circuit.

June 3, 1982.

Mark C. Whitlow, Whitlow, Roberts, Houston & Russell, Paducah, Ky., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Linda Weisel, N.L.R.B., Washington, D.C., for respondent.

Before MARTIN, Circuit Judge, WEICK, Senior Circuit Judge, and GUY, District Judge.*

---

* Honorable Ralph B. Guy, Jr., District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

## ORDER

Harper & Arterburn, Inc. seeks review of the order of the National Labor Relations Board instructing it to rehire Jerry English, a former employee who was allegedly fired because he requested that a union steward be placed on a company jobsite. The Board's order finding the company in violation of section 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* is reported at 255 N.L.R.B. 105. On appeal, the company argues that the Board's cross-petition for enforcement of its order should be denied because its decision is not supported by substantial evidence.

We agree. The Supreme Court in *Universal Camera Corporation v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), cautioned the Courts of Appeal against abdicating their role as independent decision-makers by granting finality to the orders of the National Labor Relations Board. There, Justice Frankfurter, attempting to garner more completely the intentions of Congress, halted the erosion of the substantial evidence standard. Review under that standard had become one-sided. If evidence could be found anywhere in the record to support conclusions of fact, "the courts are said to be obliged to sustain the decision without reference to how heavily the countervailing evidence may preponderate. . . ." *Id.* at 481, 71 S.Ct. at 460. This is not what Congress contemplated. Instead, said the Court,

> Congress has merely made it clear that a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view.

 Upon a complete review of the entire record we are unable to concur in the Board's judgment that the company violated the Act when it fired Jerry English. That evidence showed English to be a difficult worker whose complaints and demands disrupted other employees and the progress of construction generally. Even the union steward, who was appointed to that position as a result of one of English's requests, complained to management about English's inability to work smoothly with others. Furthermore, the fact that English was dismissed shortly after complaining about the absence of a union steward cannot by itself erase the just cause which otherwise existed for his firing. Timing alone is not sufficient evidence upon which to sustain an unfair labor charge. *Colonial Corporation v. NLRB,* 427 F.2d 302 (6th Cir.1970).

Harper & Arterburn's petition is granted; the Board's cross-petition is denied.